BENJAMIN B. HOFFMAN and Others, Composing the Firm of HOFFMAN & CO., Appellants, v. LEWIS B. BARTON, Respondent.

*Justice of the peace is a county officer — process from his court runs to every part of his county — where a written complaint and a copy of the summons is served within the county, the omission to state the places of residence of the parties in the complaint does not deprive the justice of jurisdiction.*

Appeal by the plaintiffs from a judgment of the County Court of Dutchess county, reversing a judgment rendered in their favor by a court of a justice of the peace.

The action was one arising on contract, and the plaintiffs made a written complaint, properly verified, a copy of which complaint was personally served upon the defendant, with a copy of the summons, in the manner authorized and provided by section 1 of chapter 414 of the Laws of 1881. The complaint did not allege that the plaintiffs were, or that either of them or the defendant was, a resident of the town or county.

The defendant failed to appear and answer the complaint at the time of the return of the summons, and the justice of the peace thereupon entered judgment in favor of the plaintiffs against the defendant, for the amount demanded in the complaint, with costs, without further proof, as he was authorized to do by section 3 of the same law. The defendant appealed from the judgment to the County Court, and contended that the justice had no jurisdiction, as the residence of the parties, or of one of them, was a jurisdictional fact which must appear in the record; and the County Court so decided and reversed the judgment on that record.

The court at General Term said: "With the utmost respect for the County Court and for the able and fair-minded county judge of Dutchess county, we are led to a different conclusion. The service of a copy of the summons and complaint was made upon the defendant, personally, at Amenia. That place is in Dutchess county, as we know from our liberty to take judicial notice of the geographical divisions of the State.

"A justice of the peace is a county officer, and process from his court runs to every part of his county; and, therefore, the return

of the summons to the justice, with proof of personal service upon the defendant in his county, gave him jurisdiction of the person of the defendant. He plainly had jurisdiction of the subject of the action; and thus his jurisdiction over the case was completed and ample to justify the rendition of the judgment from which the appeal was taken.

" No other ground of error was assigned, and it follows that the judgment of the County Court should be reversed, with costs, and the judgment of the Justice's Court should be affirmed, with costs."

*Hackett & Williams*, for the appellant.

*W. Farrington*, for the respondent.

Opinion by DYKMAN, J.; BARNARD, P. J., and PRATT, J., concurred.

Judgment of County Court reversed and that of Justice's affirmed, with costs.